(24 Civ. Proc. R. 441.)        MARTIN v. BERNHEIM.

(Supreme Court, Special Term, New York County. May, 1895.)

PLEADING—UNVERIFIED ANSWER.
>    The right to serve an unverified answer, where it contains an allegation
>    or denial as to which defendant would be privileged from testifying as a
>    witness (Code Civ. Proc. § 523), is not affected by the fact that he has a
>    right to plead other defenses in the same answer.

Action by Martin against Bernheim. Defendant moves for leave to serve an unverified answer. Granted.

John J. Adams, for plaintiff.
Root & Clarke, for defendant.

INGRAHAM, J. It is clear that if the allegations of the complaint are true the defendant is guilty of a misdemeanor, under section 254a of the Penal Code; and by section 523 of the Code of Civil Procedure it is provided that, where a party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading, the verification may be omitted. The only question to be determined is whether or not the defendant in this case would be privileged from testifying as a witness concerning the allegations of the complaint that the defendant made a statement of and concerning the plaintiff in the presence and hearing of reporters, and intending that the said words should be published in the newspapers. If he would be so privileged from testifying as a witness if asked that question, under the section of the Code above referred to, the verification may be omitted. And yet it is clear that if he made the statement contained in the complaint to the reporters, with the intent that the words should be published, he would be guilty of a misdemeanor, under the section of the Penal Code above referred to. In his answer to a complaint alleging the fact of such a statement he is compelled to either admit that the statement is true, deny the statement alleged, or deny knowledge or information sufficient to form a belief. Under the express provision of the Code, he is allowed to answer such an allegation contained in the complaint by an unverified answer. The fact that in the same answer he has the right to plead other defenses does not take away from a defendant a right to answer such an allegation as is contained in this complaint without verifying the answer. All of the defenses to the action, and all facts pleaded in mitigation of damages, must be set forth in one pleading. In this case the answer does deny the fact that the defendant made the statement it is alleged that he made with the intention of having it inserted in the newspapers. I think, on the whole case, that the defendant was entitled to serve an unverified answer, and that the motion must be granted.